



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ENTERED
09/18/2008

| | | |
|---|---|---|
| IN RE: § | | |
| DAN J. VILLEGAS; dba UNICRED; dba UJT § | CASE NO: 08-10137 | |
| DEVELOPMENT § | | |
|    Debtor(s) § | | |
| § | CHAPTER 13 | |
| § | | |
| DAN J. VILLEGAS § | | |
|    Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 08-01008 | |
| § | | |
| HINOJOSA & PHILLIPS LTD, *et al* § | | |
|    Defendant(s) § | | |

## MEMORANDUM OPINION

### Jurisdiction

The Court has jurisdiction of this matter under 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

### Factual Background

On May 14, 2008, Plaintiff Dan J. Villegas ("Villegas") filed this adversary proceeding against Hinojosa & Phillips LTD ("Hinojosa & Phillips"), Esteban Fernandez Marcias and Maria Eugenia V. de Fernandez ("Fernandez"), and Texas State Bank, seeking damages and declaratory relief arising out of a failed real estate transaction.

Fernandez built a home and made improvements with financing provided by Texas State Bank. Villegas alleges that he entered into an owner-financing real-estate purchase agreement with Fernandez after Fernandez fell behind on the Texas State Bank loan. At some point in 2006 or 2007, Villegas alleges that he, Fernandez, and Texas State Bank agreed to the owner-financing real-estate purchase agreement. According to Villegas, pursuant to the agreement,

1

Villegas was to make a $10,000 down payment, pay property taxes, insurance premiums, and regular principal and interest payments to Texas State Bank on the bank's first lien in return for a second priority lien. Villegas alleges that he paid $95,514.76 pursuant to the agreement from 2005 to 2007. Later in his complaint, Villegas alleges that he paid over $150,000 pursuant to the agreement.

In August of 2007, Texas State Bank's first lien matured. Villegas alleges that he obtained financing to pay-off the first and second lien notes on the disputed property. However, Villegas contends that Fernandez and Texas State Bank refused to execute the documentation necessary to payoff the liens. Villegas contends that on February 2, 2008, he executed a settlement agreement with Texas State Bank through which he would acquire the bank's note and deed of trust on the disputed property. Despite this agreement, Villegas contends that on February 3, 2008, Fernandez executed a warranty deed of Trust to defendant Hinojosa & Phillips and Hinojosa & Phillips paid off Texas State Bank's note.

Villegas alleges that defendants are liable to him under seven different theories: breach of contract, tortious interference with contract, tortious interference with business relationships, tortious interference with business advantage, fraud, negligence, and defamation. Villegas seeks compensatory and exemplary damages, attorneys' fees, a discharge of any financial obligation owed to the defendants with respect to the disputed property, injunctive relief to preclude transfer of the property, and declaratory relief with respect to the parties' rights to the property.

Villegas originally field his complaint in state court. After the state court issued rulings adverse to Villegas, Villegas attempted to remove the case to this Court. On May 14, 2008, Villegas filed this adversary proceeding. However, Villegas did not file a notice of removal until July 22, 2008.

Hinojosa & Phillips deny Villegas' rendition of the facts. Hinojosa & Phillips also seek dismissal based on Villegas' alleged failure to file a notice of removal in compliance with Federal Rule of Bankruptcy Procedure 9027.

**Procedural Background**

Federal Rule of Bankruptcy Procedure 9027 provides when a notice of removal must be filed and the required contents of a notice of removal. If a state court action is filed before a bankruptcy petition is filed, then the party seeking removal must file the notice within the longer of: (i) 90 days after the bankruptcy filing, (ii) 30 days after relief from the automatic stay has been granted; or (iii) 30 days after a trustee qualifies in a chapter 11 case. Fed. R. Bankr. P. 9027(a)(2).

Villegas filed his bankruptcy petition on March 6, 2008, after commencement of his state court lawsuit. On May 14, 2008, the Court (J. Schmidt) granted Hinojosa & Phillips's Motion for Relief from the Stay to pursue the pending state court proceedings. Villegas did not file a notice of removal with this Court until July 22, 2008. Accordingly, Villegas' notice of removal was filed more than 90 days after his bankruptcy petition and more than 30 days after the Court granted a motion for relief from the stay.

On July 21, 2008, this Court held a hearing on Hinojosa & Phillips's Motion to Dismiss. Villegas testified that he repeatedly attempted to file the notice of removal with the Brownsville clerk of Court sometime during the three days following the Corpus Christi Court's May 14 Order granting relief from the stay. Villegas contended that he had provided copies of the state court documents (amounting to 300-600 pages) to the clerk and the clerk refused to accept the copies. Villegas testified that the clerk stated that the documents had to be in scanned form. Villegas also testified that the clerk told him he could FEDEX the documents to the Corpus

3

Christi clerk. Villegas did not follow either instruction. Rather, Villegas testified that he continued to present the printed documents to the clerk. Villegas testified that the clerk had accommodated him in the past, so he assumed the clerk would accommodate him again.

At the conclusion of the July 21 hearing, the Court made the following factual findings:

- Villegas attempted to file the notice of removal within the time period required by Rule 9027.

- The clerk did not immediately accept Villegas' notice and accompanying documents, but instructed Villegas he could FEDEX the materials to the Corpus Christi clerk's office.

- Villegas did not attempt to FEDEX the notice and accompanying documents.

## Law and Analysis

Federal Rule of Bankruptcy Procedure 5005(a)(1) prohibited the clerk from rejecting Villegas' notice. The Bankruptcy Rule requires a clerk to accept any documents presented, even if the documents are not presented in proper form. Rule 5005(a)(1) provides: "The clerk shall not refuse to accept for filing any petition or other paper presented for the purpose of filing solely because it is not presented in proper form as required by these rules or any local rules." Fed. R. Bankr. P. 5005(a)(1). The 1993 Advisory Committee Note continues: "It is not a suitable role for the office of the clerk to refuse to accept for filing papers not conforming to requirements of form imposed by these rules or practices. The enforcement of these rules and local rules is a role for a judge." Rule 5005(a)(2) allows courts to adopt local rules requiring electronic filing. Fed. R. Bankr. P. 5005(a)(2). However, the 2006 Advisory Committee Note provides that: "Courts requiring electronic filing must make reasonable exceptions for persons for whom electronic filing of documents constitutes an unreasonable denial of access to courts."

A court may deem a notice of removal filed as of the date the party attempted to file the notice when equity so requires. Rule 5005(c) provides remedies for errors in transmitting

4

documents. The Rule provides that when a document intended to be filed with the clerk is instead filed with a trustee, an attorney, a bankruptcy judge, a district judge, the clerk of the bankruptcy appellate panel, or the clerk of the district court, and vice-versa, the court may deem the paper filed or transmitted "as of the date of its original delivery." Fed. R. Bankr. P. 5005(c). However, a court is not required to deem a filing timely. Rather, the Rule permissively allows courts to order a deemed date based on equity. Rule 5005(c) provides that "*in the interest of justice*, the court *may*" deem the filing date of the document to be the date of the erroneous attempt. Fed. R. Bankr. P. 5005(c) (emphasis added).

Rule 5005 does not expressly deal with the consequences of a clerk's failure to accept a filing. Nevertheless, a clerk's failure to accept a filing involves a non-nefarious filing error similar to the procedural error encompassed by 5005(c). Accordingly, pursuant to Rule 5005(c) and Rule 1001's direction that the "rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding," the Court considers whether equity directs the Court to hold that the filing date of Villegas' notice of removal should be deemed the date he attempted to file the notice with the clerk.

The Court finds that equity would not be served by deeming Villegas' notice of removal to have been timely filed. The Court bases its conclusion on several facts. As the Court found during the July 21 hearing, Villegas made no efforts to confer with or send documents to the Corpus Christi clerk. After the Brownville clerk told Villegas the proper procedure for filing the notice, Villegas made no attempts to file the notice of removal consistent with those instructions. Villegas filed a notice of removal in the state court that inaccurately stated that a notice of removal had been filed in this court when no such notice had yet been filed. Villegas did not file

5

a notice of removal in this Court until July 22, 2008, the day after the Court held a hearing and considered evidence on Villegas' failure to file a notice of removal.

Moreover, the notice of removal Villegas did file was wholly deficient. Rule 9027(a)(1) sets forth the required contents of a notice of removal. The Rule states:

> The notice shall be signed pursuant to Rule 9011 and contain a short and plain statement of the facts which entitle the party filing the notice to remove, contain a statement that upon removal of the claim or cause of action the proceeding is core or non-core and, if non-core, that the party filing the notice does or does not consent to entry of final order or judgment by the bankruptcy judge, and be accompanied by a copy of all process and pleadings.

Villegas' signed notice states, in its entirety:

> Debtor, Dan J. Villegas herby files with the Bankruptcy Court a copy of the Notice of Removal of State District Court Case # 2007 10 4906 B together with a cd disk containing scan the records and files of Case # 2007 10 4906 B.

The notice of removal is deficient in multiple respects. The notice lacks statements as to: facts entitling the party to removal, whether the proceeding is core or non-core, and whether the party consents to issuance of final judgments and orders by the bankruptcy court if the proceeding is non-core. The defendants also allege that Villegas failed to include copies of all state court documents.

Courts have granted a motion to remand based on a movant's failure to meet a single requirement of Rule 9027(a). *In re Continental Holdings, Inc.*, 158 B.R. 442, 445 (Bankr. N.D. Ohio 1993); *Careertrack Seminars, Inc. v. Lomasney*, 150 B.R. 257, 258 (D. Colo. 1992); *In re Potter*, 2007 WL 1672181 at *8 (Bankr. D. N.M. June 6, 2007). Here, Villegas failed to meet multiple requirements.[1]

---

[1] Other Courts have held that failure to comply with the requirements of Rule 9027 constitutes a procedural defect that may be cured by amendment. *In re Talon Holdings, Inc.*, 221 B.R. 214, 218–19 (Bankr. N.D. Ill. 1998). The *Talons* Court did not consider the consequences of multiple deficiencies in a notice of removal and the consequences of those deficiencies on an equitable determination.

Based on Villegas' failure to make further attempts to file a notice of removal, submission of an inaccurate notice to the state court, and failure to comply with the requirements of Rule 9027, the Court declines to exercise its equitable powers to deem the filing date of Villegas' notice to be the date he attempted to file the notice with the clerk of court. Accordingly, Villegas' notice of removal is untimely.[2]

Based on the reasoning set forth above, the Court remands this adversary proceeding to the state court.

Signed at Houston, Texas, on September 17, 2008.

MARVIN ISGUR
United States Bankruptcy Judge

---

[2] Generally, courts give pro se parties more leniency with respect to complying with procedural rules. Villegas contends that he was a pro se party when he attempted to file the notice of removal. However, he allegedly attempted to file the notice sometime during the three day period after the Corpus Christi Court granted relief from the stay on May 14. Villegas was represented by counsel during this period. William A Csabi filed Villegas's complaint. The complaint was filed by Csabi on May 14, 2008. On numerous occasions, Villegas has appeared in court with Albert Villegas, plaintiff's brother and a licensed attorney. Moreover, during the July 21 hearing, Villegas testified that he frequently filed documents with the Brownsville clerk. Based on these circumstances, the Court does not find it equitable to apply more lenient standards to Villegas.